10627

CLINKSCALES v. FANT, MAYOR, *ET AL.*

(107 S. E., 515)

1.  MUNICIPAL CORPORATIONS—WORDS "PAST INDEBTEDNESS." WITHIN
    CONSTITUTIONAL LIMITATION OF BONDED INDEBTEDNESS DEFINED.—The
    words "past indebtedness" within Const. Art. 8 § 7, as amended by
    Act Jan. 30, 1917 (see 30 St. at Large, p. 224), authorizing the city
    of Anderson to increase its bonded indebtedness to an amount not
    exceeding 15 per cent. of the value of taxable property where pro-
    ceeds are applied to the payment of "past indebtedness," refers to
    all indebtedness existing at the time of the filing of the petition
    for an election as to issuance of bonds, irrespective of whether such
    indebtedness was created before or after the adoption of the
    amendment and does not refer merely to the indebtedness existing
    at the time of the adoption of the amendment.

2.  CONSTITUTIONAL LAW—PROVISION AS TO LIMITATION OF INDEBTEDNESS
    HELD SELF-EXECUTING.—Const. Art. 8, § 7, as amended by Act Jan.
    30, 1917 (see 30 St. at Large, p. 224), authorizing the city of An-
    derson to increase its bonded indebtedness to an amount not ex-
    ceeding 15 per cent. of the value of taxable property where the
    proceeds are applied to the payment of past indebtedness and
    other specified purposes, *held* self-executing.

3.  MUNICIPAL CORPORATIONS—IRREGULARITY OF REGISTRATION HELD NOT
    TO HAVE AFFECTED VALIDITY OF ELECTION ON BOND ISSUE.—Irregu-
    larity of registration prior to election of bond issue in that the
    books of registration were open 28 days before the election and
    closed 18 days prior thereto, instead of being opened 20 days before
    election and closed 10 days prior thereto as required by Civ. Code
    1912, § 221, did not affect validity of election where it did not ap-
    pear to have affected the result of the election or that any qualified
    elector failed to obtain a registration certificate on account of
    variance.

Before PRINCE, J., Anderson, May, 1921.  Affirmed.

Action by P. E. Clinkscales against Foster Fant as Mayor
and others constituting the City Council of Anderson, S. C.,
to enjoin the issuance of certain bonds.  From order refus-
ing said injunction the plaintiff appeals.

The judgment rendered by Judge Prince referred to in
the opinion is as follows:

This is an action by the plaintiff as a citizen and tax-
payer of the City of Anderson, S. C., against the defend-

ants who constitute the City Council of the said city, seeking to enjoin the issuance and sale of $200,000 of bonds of the said city as authorized by an election held on the 12th day of April, 1921. The cause came before me at chambers by consent of counsel for hearing on the merits upon the pleadings. The facts are admitted and are not in issue.

The only issues are the law involving the legality of the said proposed bond issue, the determination of which necessitates a construction of the constitutional amendment ratified January 30, 1917 (see 30 St. at Large, p. 224), and also a construction of the registration laws of this State

It is contended by the plaintiff that the expression "past indebtedness," as used in said constitutional amendment of 1917, refers only to the indebtedness existing at the time of the adoption of said amendment, and does not include or refer to indebtedness thereafter created or incurred. The defendants, on the other hand, contend that said expression refers to and includes all indebtedness existing at the time of the filing of the petition of freeholders asking for an election on the question of issuing said bonds, irrespective of whether said indebtedness existed at the time of the adoption of said amendment or was thereafter created. I am of the opinion that the construction contended for by the plaintiff is too narrow and cannot prevail, but that the construction of the defendants is correct, and I therefore hold and decide that the words "past indebtedness," as used in said amendment, refer to and mean any indebtedness of the city already existing at the time of the filing of the petition of freeholders asking for the special election, irrespective of whether or not such indebtness was created before or after the adoption of said amendment of 1917 or partly before and partly afterwards.

It is also contended that the bonds cannot be legally issued and would be invalid because the constitutional amendment of 1917 is not self-executing, and the General Assembly of the State has not expressly authorized said city to issue bonds for the purpose of paying or funding its past indebtedness. This contention is not tenable. Even if it be conceded that the General Assembly has not expressly authorizd the issuance of municipal bonds for the purpose of paying or funding past indebtedness of the city, nevertheless I hold and decide that such authorization would not be necessary because the constitutional amendment of 1917 is manifestly self-executing and does not require further or other legislative enactment to make it effective and to empower the issuance of the proposed bonds under authority of same. This question is settled against the contention of plaintiff by the case of *Paris Mt. Water Co. vs. City of Greenville,* 110 S. C. 39, 96 S. E. 545. The effect of the constitutional amendment of 1917 was to remove the constitutional limitations theretofore imposed on the City of Anderson and to empower said city to increase its bonded indebtedness for any purpose therein specifically mentioned (or for any corporate purpose) to 15 per cent. of the value of its taxable property. One of the purposes specifically mentioned in the amendment is that for which defendants propose to issue the bonds in question, and it is admitted that the 15 per cent limitation fixed by the amendment of 1917 will not be exceeded by the issuance of said bonds.

The plaintiff also contends that the bonds cannot be legally issued because the municipal books of registration for the special election authorizing their issuance were not opened 20 days before said election and closed 10 days prior thereto as required by Section 221, Vol. 1, of the Code. It is admitted that the books of registration were opened 28 days before the election and closed 18 days prior thereto, but it does not appear that this slight

variance from the statutory requirement affected the result of the election. Nor does it apear that any qualified elector failed to obtain a registration certificate and the consequent right to vote on account of this slight variance from the time fixed by the statute.

It therefore follows, and I so decide upon the authority of *Bethea vs. Town of Dillon,* 91 S. C. 413, 74 S. E. 983, that the irregularity of registration complained of did not affect the result of the election and does not render it invalid.

Wherefore, it is ordered, adjudged and decreed that the injunction prayed for be and the same is hereby denied and the complaint dismissed.

*Messrs. Bonham & Allen,* for appellant, cite: *Error to hold that "past indebtedness" in amendment to Sec. 7, Art. VIII, Const.* 1895, (30 *Stats.* 224) *includes all indebtedness whether existing at the time the amendment was adopted or subsequently incurred. Registration books shall be opened twenty days before election and opening twenty-eight days before is not compliance:* 1 Civ. Code 1912, Sec. 221, 91 S. C. 413.

*Messrs. Sullivan & Cooley,* for respondent, cite: *Intent should be sought in construing a constitutional provision.* 6 Wheat 1, 6 L. Ed. 23. *City under amendment* (30 *Stat.* 224) *may issue bonds for "any corporate purpose." Limit must be figured at time the bonds become a binding obligation:* 19 R. C. L. 276; 37 L. R. A. (N. S.) 1036; 4 A. S. R. 241; 80 A. S. R. 816 and notes. *Amendment is self-executing:* 110 S. C., 36, 59; 32 Stats. 54. *Opening of books was proper:* 91 S. C. 413.

June 2, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor Judge Prince, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.